IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:04CR463** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **TODD H. WOODS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motion of defendant Todd H. Woods (Woods) to sever the trial of the Indictment against Woods with that of the co-defendant Randy R. Bowley (Bowley) (Filing No. 19). Woods and Bowley are charged in an Indictment with a conspiracy to commit mail fraud (Count I) in violation of 18 U.S.C. §371 and two counts of mail fraud (Counts II and III) in violation of 18 U.S.C. §1341. The alleged scheme to defraud involves the submission of fraudulent contractor invoices to the Union Pacific Railroad. Co-defendant Bowley has provided a lengthy statement to law enforcement which implicates Woods, and the government intends to use the statement in its case-in-chief during a joint trial. Woods seeks to sever his trial from that of Bowley asserting that the use of Bowley's statement would be a violation of Woods' rights under the Confrontation Clause of the U.S. Constitution as enunciated in ***Bruton v. United States***, 391 U.S. 123 (1968).

The government opposes the motion to sever and asserts Bowley's statement can be redacted pursuant to ***Richardson v. Marsh***, 481 U.S. 200 (1987) and ***Gray v. Maryland***, 523 U.S. 185 (1998), and the jury could be provided proper limiting instructions in considering the statement. The court held a hearing on the motion on March 23, 2005. During the hearing the court received into evidence a copy of Bowley's statement (Exhibit 1) and a copy of the government's proposed redaction of the Exhibit 1 (Exhibit 2). A transcript of the hearing was prepared and filed on March 25, 2005 (Filing No. 32).

In ***Bruton***, the Supreme Court held it was insufficient for a court to instruct the jury that a confession of one defendant implicating a co-defendant could only be considered against the confessing defendant and not be held against another co-defendant. 391 U.S. at 137.

However, in ***Richardson***, the Supreme Court allowed a redaction of such a statement as long as the co-defendant's name and existence are eliminated. 481 U.S. at 211. The Eighth Circuit has "interpreted this requirement to allow the admission of confessions so long as the confession is redacted to avoid either facially implicating or leading the jury directly to non-testifying co-defendants." ***United States v. Ortiz***, 315 F.3d 873, 899 (8th Cir. 2003) (**citing *United States v. Edwards***, 159 F.3d 1117, 1125 (8th Cir. 1998), cert. denied, 528 U.S. 825 (1999)). However, when the jury will be led to conclude the redacted party's name is that of the co-defendant or will speculate as to the identity, the ***Bruton*** prohibition will not be absolved. **See *United States v. Long***, 900 F.2d 1270, 1279-80 (8th Cir. 1990).

The court has reviewed the unredacted Bowley statement (Exhibit 1) and the proposed redaction of the government (Exhibit 2). Woods name is mentioned approximately eighty (80) times throughout the 5 page statement. Woods' name is so inextricably involved in Bowley's statement, no fair reading of the statement would not implicate Woods or suggest that his name is the someone whose name is to be placed in the redacted portion. Accordingly, without an opportunity to cross examine and confront Bowley, Woods would be prejudiced and denied a fair trial in this matter. The use of the Bowley statement at a joint trial would be a violation of Woods' rights under the Confrontation Clause. **See *Crawford v. United States***, 541 U.S. 36 (2004).

**IT IS ORDERED:**

Woods' motion to sever (Filing No. 19) is granted to the extent that Woods will be tried separately from co-defendant Bowley on the Indictment in this matter if the government intends to use the statement of Bowley in the government's case-in-chief in a joint trial.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any appeal of the Order. The brief in support of any appeal

shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 19th day of May, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge